# MANDATE

## UNITED STATES COURT OF APPEALS
### FOR THE
### SECOND CIRCUIT

1:16-cv-07593-WHP

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand and nineteen.

Before:     Barrington D. Parker,
            Denny Chin,
            Richard J. Sullivan,
                     *Circuit Judges.*

_____

Eitan Eliahu, Dotan Newman, R. David Weisskopf, Eldad Gidon,

           Plaintiffs - Appellants,

Michael Zamansky, Yakov Bossira, Dan Silberman,

           Plaintiffs,

v.

Jewish Agency for Israel, New Israel Fund, Jewish Federations of North America, Na'amat, Women's International Zionist Organization, P.E.F. Israel Endowment Funds, Inc., Tzipi Livni, Shmuel Chamdani, Na'ama Boltin, Miriam Darmony, Einat Gilead-Meshulam, Tomer Moskowitz, Clanit Bergman, John Hagee, International Fellowship of Christians and Jews, Jerusalem Institute of Justice, Cary Summers, American Friends of Bar-Ilan University, Jeffrey Royer, Noa Regev, Alon Saleh, Zev Gabai, Ariel Lagana, Orit Avigail Yahalomi, Michael Duwani,

           Defendants - Appellees.

_____

**JUDGMENT**

Docket Nos. 18-244 (L), 18-246 (Con.)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 17, 2019

The appeals in the above captioned case from orders of the United States District Court for the Southern District of New York were argued on the district court's record and the parties' briefs. Upon consideration thereof,

**MANDATE ISSUED ON 04/17/2019**

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the orders of the district court are AFFIRMED.

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

18-244-cv (L)
*Newman v. Jewish Agency for Israel*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2018

(Argued:  February 13, 2019          Decided: March 27, 2019)
Docket No. 18-244-cv (L); 18-246-cv (Con)

———————————————

EITAN ELIAHU, DOTAN NEWMAN, R. DAVID WEISSKOPF, ELDAD GIDON,

*Plaintiffs-Appellants*,

MICHAEL ZAMANSKY, YAKOV BOSSIRA, DAN SILBERMAN,

*Plaintiffs*,

*- against -*

JEWISH AGENCY FOR ISRAEL, NEW ISRAEL FUND, JEWISH FEDERATIONS OF NORTH
AMERICA, NA'AMAT, WOMEN'S INTERNATIONAL ZIONIST ORGANIZATION, P.E.F.
ISRAEL ENDOWMENT FUNDS, INC., TZIPI LIVNI, SHMUEL CHAMDANI, NA'AMA
BOLTIN, MIRIAM DARMONY, EINAT GILEAD-MESHULAM, TOMER MOSKOWITZ,
CLANIT BERGMAN, JOHN HAGEE, INTERNATIONAL FELLOWSHIP OF CHRISTIANS AND
JEWS, JERUSALEM INSTITUTE OF JUSTICE, CARY SUMMERS, AMERICAN FRIENDS OF
BAR-ILAN UNIVERSITY, JEFFREY ROYER, NOA REGEV, ALON SALEH, ZEV GABAI,
ARIEL LAGANA, ORIT AVIGAIL YAHALOMI, MICHAEL DUWANI,

*Defendants-Appellees*.

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Before PARKER, CHIN, and SULLIVAN, *Circuit Judges*.

Appeals from orders of the United States District Court for the Southern District of New York (Pauley, *J.*), dismissing plaintiffs-appellants' amended complaint in part for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and in part for failure to state a claim pursuant to Rule 12(b)(6). Plaintiffs-appellants contend that the district court erred in dismissing their amended complaint and issuing an anti-filing injunction against two of them.

AFFIRMED.

─────────────

SAUL ROFFE, Law Offices of Saul Roffe, Esq., Marlboro, New Jersey, *for Plaintiffs-Appellants Dotan Newman, R. David Weisskopf, and Eldad Gidon.*

Eitan Eliahu, *pro se*, San Jose, California, *for Plaintiff-Appellant Eitan Eliahu.*

ROBERT REEVES ANDERSON (John B. Bellinger, III, Stephen K. Wirth, *on the brief*), Arnold & Porter Kaye Scholer LLP, Denver, Colorado, and Washington, DC, *for Defendants-Appellees Tzipi Livni, Shmuel Chamdani, Na'ama Boltin, Miriam Darmony, Einat Gilead-Meshulam, Tomer Moskowitz, Clanit Bergman, Orit Avigail Yahalomi, Zev Gabai, Ariel Lagana, Michael Duwani, Alona Sadeh, and Noa Regev.*

Kenneth B. Danielson, Kaufman, Dolowich & Voluck
LLP, Hackensack, New Jersey, *for Defendants-
Appellees New Israel Fund, Jewish Federations of
North America, Na'amat, American Friends of Bar-
Ilan University, International Fellowship of Christians
and Jews, and Jeffrey Royer.*

Gerald D. Silver, Sullivan & Worcester LLP, New York,
New York, *for Defendants-Appellees Jewish Agency
for Israel, Women's International Zionist
Organization, Jerusalem Institute of Justice, and John
Hagee.*

Robert E. Crotty, Kelley Drye & Warren LLP, New
York, New York, *for Defendant-Appellee P.E.F.
Israel Endowment Funds, Inc.*

---

PER CURIAM:

Plaintiffs-appellants Eitan Eliahu, Dotan Newman, R. David
Weisskopf, and Eldad Gidon ("Plaintiffs") appeal from a December 28, 2017 order
of the district court dismissing their action against defendants-appellees, current
and former officials of the Government of Israel (the "Israeli Officials") and nine
charitable organizations and three affiliated individuals. Plaintiffs' claims arise
from their dissatisfaction with the outcome of divorce proceedings in Israel and
subsequent efforts by their ex-wives, with the assistance of the charitable
organizations, to collect child support from them. Weisskopf and Eliahu also

3

appeal the district court's order permanently enjoining them from filing any future action in federal court related to the allegations asserted in this lawsuit without the district court's preauthorization. We affirm the district court's order of dismissal as well as its anti-filing injunction.

## I.   Order of Dismissal

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). On appeal from a dismissal for lack of subject matter jurisdiction, factual findings are reviewed for clear error and legal conclusions are reviewed *de novo*. *Id.* For a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), this Court reviews the district court's ruling *de novo*, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013) (per curiam). To survive a motion to dismiss for failure to state a claim, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The district court properly dismissed all claims against the Israeli Officials for lack of subject matter jurisdiction because, as foreign government officials acting their official capacity, they are entitled to immunity.  *See Underhill v. Hernandez*, 168 U.S. 250, 252 (1897) (recognizing "[t]he immunity of individuals from suits brought in foreign tribunals for acts done within their own states, in the exercise of governmental authority . . . as civil officers"); *Matar v. Dichter*, 563 F.3d 9, 14 (2d Cir. 2009) (recognizing that foreign officials are entitled to immunity for acts performed in their official capacity).

Specifically, the Israeli Officials are eleven registrars or directors of Israel's Enforcement and Collection Authority, a retired Israeli judge, and Israel's former Minister of Justice and Foreign Affairs.  Plaintiffs allege that these officials created fictious debts, impeded the payment of debts, and engaged in other similar misconduct while operating under color of Israeli law.  Even assuming the officials' challenged conduct was improper under Israeli law, there is no doubt that the conduct was official in nature.  *See Larson v. Domestic & Foreign Commerce Corp*., 337 U.S. 682, 689-90 (1949) (distinguishing between an official's erroneous exercise of power, which is protected by sovereign immunity, and an official's acts taken in the absence of any delegated power, which are not so

5

protected); *Velasco v. Gov 't Of Indonesia*, 370 F.3d 392, 399 (4th Cir. 2004)

(recognizing that foreign sovereign immunity, including foreign official

immunity, "models federal common law relating to derivative U.S. sovereign

immunity").  Accordingly, the Israeli Officials are entitled to foreign official

immunity.

       With respect to the remaining defendants, the district court held that

Plaintiffs failed to satisfy the domestic injury requirement of the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), or

identify any requisite predicate acts of racketeering activity, *id.* § 1962(b)-(c).  *See*

Appellants' App'x. at 211-14.  In addition, the district court held there is no

private right of action that allows for Plaintiffs' claims of aiding and abetting a

RICO violation, extortion, and mail fraud against defendants in the

circumstances here.  *Id.* at 11-12.  For substantially the reasons set forth by the

district court in its December 28, 2017 order, we conclude that Plaintiffs failed to

state a plausible claim for relief as to these defendants as well.

       As Judge Pauley correctly concluded, Plaintiffs' allegations that they

suffered personal injuries, rather than "injur[ies] to business or property," do not

state a cognizable civil RICO claim, *Bascunan v. Elsaca*, 874 F.3d 806, 817 (2d Cir.

2017), and Plaintiffs' allegations that they suffered business-related injuries fall

short because the alleged injuries lack the requisite connection to Plaintiffs'

domestic property or financial interests, *see id.* at 819.  Plaintiffs' claims of

extortion, mail fraud, and aiding and abetting a RICO violation fail as well.  With

respect to the extortion claim, Plaintiffs have not identified a private cause of

action under either federal or state law, and the Court is not aware of one.  *See*

*Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408-09 (8th Cir. 1999)

(holding that there is no private cause of action under the federal extortion

statute, 18 U.S.C. § 1951); *Minnelli v. Soumayah*, 839 N.Y.S.2d 727, 728 (N.Y. App.

Div. 2007) ("[E]xtortion and attempted extortion are criminal offenses [under

New York law] that do not imply a private cause of action." (citations omitted)).

Similarly, there is no private cause of action under the federal mail fraud statutes

cited in the amended complaint, *Official Publ'ns, Inc. v. Kable News Co.*, 884 F.2d

664, 667 (2d Cir. 1989), or for aiding and abetting a civil RICO violation, *see Penn.*

*Ass'n of Edwards Heirs v. Reightenour*, 235 F.3d 839, 843-44 (3d Cir. 2000).  Thus,

we affirm the district court's dismissal of Plaintiffs' claims under Rule 12(b)(6).

## II. Anti-Filing Injunction

We also hold that the district court did not abuse its discretion in barring Weisskopf and Eliahu from filing future related actions against defendants without its permission. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("We review all aspects of a district court's decision to impose sanctions . . . for abuse of discretion." (citation omitted)). In determining whether to restrict a litigant's future ability to sue, a court must consider "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *see also Richardson Greenshields Sec., Inc. v. Mui-Hin Lau*, 825 F.2d 647, 652 (2d Cir. 1987) (explaining that "[a]bsent extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation," a court has no power to prevent parties from filing legal documents authorized by the federal rules). We have identified the following factors to be considered in deciding whether to impose an anti-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has

8

> caused needless expense to other parties or has posed
> an unnecessary burden on the courts and their
> personnel; and (5) whether other sanctions would be
> adequate to protect the courts and other parties.

*Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per

curiam) (quoting *Safir*, 792 F.2d at 24).

Here, the district court determined that the first, second, and fourth

factors weighed in favor of issuing an anti-filing injunction against Weisskopf

and Eliahu: their history of vexatious litigation; their improper motives for

pursuing the litigation; and the expense to defendants and burden on the courts.

*See* Appellants' App'x at 217-18. We agree with the district court's assessment as

to those three factors, and we additionally conclude that the third and fifth

factors also weigh against lifting the anti-filing injunction as to both Weisskopf

and Eliahu.

First, we agree that Weisskopf has a demonstrable history of

vexatious and baseless litigation against defendants. *Id.* Prior to this action,

Plaintiffs, led by Weisskopf, filed twelve other actions in either federal or state

courts throughout the United States.[1] Eliahu does not have the same history as

---

1      *See Weisskopf v. Marcus*, 695 F. App'x 977 (7th Cir. 2017); *Eliahu v. Israel*, 659 F. App'x 451 (9th Cir. 2016); *Ben-Haim v. Neeman*, 543 F. App'x 152 (3d Cir. 2013) (per curiam); *Weisskopf v. Jerusalem Found.*, No. 18-cv-5557 (N.D. Ill. Jan. 14, 2019); *Ben-Haim v. Avraham*, No. 15-cv-6669, 2016 WL 4621190 (D.N.J. Sept. 6, 2016); *Ettiben-Issaschar v. ELI Am. Friends*, No. 15-cv-6441, 2016 WL 97682 (E.D. Pa. Jan. 7, 2016); *Issaschar v.*

he has only been involved in one of the prior thirteen actions.  There is not, however, a strict numerosity requirement that must be met before a district court may exercise its discretion to enjoin a litigant from filing future actions.  Rather, the court must consider the record as a whole and the likelihood that the litigant will continue to abuse the judicial process.  *See Safir*, 792 F.2d at 24.  In this case, the record contains several indications that Eliahu is likely to engage in further harassing, duplicative, and vexatious litigation against these defendants.  As he recently lost in the Northern District of California and on appeal in the Ninth Circuit, *Eliahu v. Israel*, No, 14-cv-1636, 2015 WL 981517 (N.D. Cal. Mar. 3, 2015), *aff'd*, 659 F. App'x 451 (9th Cir. 2016), Eliahu was acutely aware that his claims lacked merit.  Moreover, Eliahu added his name to the amended complaint in this action, which tracks -- verbatim -- the complaints dismissed in Plaintiffs' prior actions.  As the district court observed, "[a]ll of [Weisskopf's and Eliahu's] cases are virtually carbon copies of one another . . . depict[ing] the same story, grievances, and requests for relief that federal courts in the United States are not

---

ELI Am. Friends, No. 14-cv-5527 (E.D. Pa. Nov. 5, 2014); *Issaschar v. ELI Am. Friends*, No. 13-cv-2415, 2014 WL 716986 (E.D. Pa. Feb. 25, 2014); *Weisskopf v. Jewish Agency for Israel, Inc.*, No. 12-cv-6844 (S.D.N.Y. Apr. 30, 2013); *Weisskopf v. Neeman*, No. 11-cv-665 (W.D. Wis. Mar. 20, 2013); *Weisskopf v. United Jewish Appeal-Fed'n of Jewish Philanthropies of N.Y., Inc.*, 889 F. Supp. 2d 912 (S.D. Tex. 2012); *Ben-Haim v. Edri*, 183 A.3d 252 (N.J. Super. Ct. App. Div. 2018).

10

authorized to grant." Appellants' App'x at 217. In these circumstances, Eliahu should not get a "pass" merely because he has filed only one prior lawsuit.

Second, the district court did not err in determining that Weisskopf and Eliahu lacked an objective good faith expectation of prevailing. They were unsuccessful with their claims and defenses in Israel, and yet they came to the United States continuing to press their claims. The dismissal of similar, if not identical, prior actions underscores that both Weisskopf and Eliahu had little, if any, good faith basis for believing they could prevail on their claims. *See Iwachiw*, 396 F.3d at 529 (upholding anti-filing injunction on appeal entered against plaintiff who brought a similar prior appeal).

With respect to the fourth factor, defendants have continually been forced to defend frivolous lawsuits at not insignificant costs and the courts have been burdened with adjudicating these repeating claims. Appellants' App'x at 217-18. Weisskopf, in particular, has repeatedly sued the Israeli Officials across the United States despite decisions from several courts holding that they lack jurisdiction over these foreign defendants. Likewise, Eliahu has now asserted his meritless claims in four courts -- the Northern District of California, the Ninth

Circuit, the Southern District of New York, and now this Circuit -- forcing

defendants to defend themselves on both coasts.

   While the district court did not discuss the third and fifth factors, we

conclude that they also weigh against vacating the anti-filing injunction against

Weisskopf and Eliahu.  In considering a litigant's status, we have recognized that

*pro se* litigants, in many cases, are entitled to special solicitude, but we have not

altogether "excuse[d] frivolous or vexatious filings by *pro se* litigants." *Triestman*

*v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam) (citation

omitted); *Iwachiw*, 396 F.3d at 529 n.1 (recognizing that *pro se* complaints are

reviewed using less stringent standards but rejecting the suggestion that

ordinary procedural rules in civil litigation should excuse mistakes or frivolous

or vexatious filings of *pro se* litigants).  While Plaintiffs filed the amended

complaint *pro se*, evidently they had assistance from counsel.  The document

plainly appears to have been drafted by, or with the assistance of, an attorney,

and Plaintiffs, including Weisskopf and Eliahu, engaged counsel to represent

them in arguing against defendants' motion to dismiss.  On appeal, Weisskopf is

represented by the same counsel and Eliahu proceeds *pro se*.  Thus, at varied

stages in this litigation, Eliahu and Weisskopf have received the assistance of

12

counsel.  *See Iwachiw*, 396 F.3d at 529 (noting that "plaintiff appeared *pro se* below, while four groups of defendants each incurred the expense of being represented by counsel" in considering the parties' respective burdens).  We find no basis to afford either Weisskopf or Eliahu the latitude usually granted to *pro se* litigants.

Finally, as to the fifth factor, we conclude that other sanctions against Weisskopf and Eliahu would be inadequate.  Both complain of monetary injuries caused by Israeli judgments against them, but they clearly have the resources to pay the filing fees in actions against defendants in Israel and across the United States.  Regardless of the precise details of Plaintiffs' financial circumstances, however, the record demonstrates that monetary sanctions are unlikely to dissuade them from continuing their litigation campaign.  Thus, we affirm the district court's order enjoining both Weisskopf and Eliahu from filing future, related actions without its permission.

## CONCLUSION

Accordingly, the orders of the district court dismissing this action for lack of subject matter and failure to state a claim and imposing the anti-filing injunction are **AFFIRMED**.  Further, we assess double costs against Weisskopf

and Eliahu under Federal Rule of Appellate Procedure 38 and this Court's

inherent authority.